IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAO LO,

    Petitioner,                       No. CIV S-05-1754 MCE JFM P

    vs.

A.P. KANE, Warden, et al.,

    Respondents.                    ORDER

_____/

        Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in San Joaquin Superior Court on four counts of assault with a semiautomatic firearm (Cal. Penal Code §245(b)), one count of shooting at an occupied motor vehicle (Cal. Penal Code §246), and one count of discharging a firearm from a vehicle (Cal. Penal Code §12034(d)). (Pet. at 1; Answer at 1-2.) With the addition of enhancements for infliction of great bodily injury and intentionally and personally discharging a firearm, petitioner was sentenced to state prison for 28 years to life. (Id.)

        In the petition now pending before this court, petitioner seeks habeas relief on several grounds, including a claim that his Fourteenth Amendment rights were violated by the systematic exclusion of Asian jurors from the jury panel in violation of Batson v. Kentucky, 476

/////

1

U.S. 79 (1986). The following parts of the record before this court are relevant to petitioner's Batson claim.

On March 6, 2002, immediately prior to commencement of petitioner's trial, a panel of 120 prospective jurors was summoned. (Clerk's Transcript, hereinafter "CT," at 200.) The prospective jurors were sworn to answer questions touching upon their qualifications to act as trial jurors. (Id.) A panel was drawn, examined, and certain jurors were excused for cause and peremptorily challenged "as set forth in the record." (Id. at 201.) The court admonished jurors and adjourned until the next day. (Id.) On March 7, 2002, the cause proceeded with the impanelment of jurors "as set forth in the record." (Id. at 212.) Outside of the presence of the jurors, the trial court and counsel "discussed various legal issues 'as set forth in the record.'" (Id.) After the jurors returned, the cause proceeded with impanelment and 12 jurors were sworn to try the case. (Id.)

The undersigned has found no references in the Reporter's Transcript to peremptory challenges or challenges for cause. Nor has the undersigned found any reference to the "various legal issues" discussed by the trial court and counsel during voir dire. The undersigned found one reference in the record to the above-mentioned voir dire, which states "whereupon jury voir dire was had and court adjourned at 4:20 p.m." (Reporter's Transcript, hereinafter "RT," at 21.)

In the petition, petitioner alleges that "many of the prospective jurors were of Asian descent" and that "the prosecutor used peremptory challenges to cause [the] dismissal" of four Asian Americans. (Pet. at 16.)[1] Petitioner further alleges that trial counsel objected to those peremptory challenges and a hearing was held. (Id.) Petitioner recalled one reason that the prosecutor gave for exercising a peremptory challenge, because "one of the prospective Asian-

---

[1] The habeas petition which petitioner signed was made under penalty of perjury in compliance with 28 U.S.C. §1746 and Rule 2(c)(5) of the Rules Governing §2254 Cases in the United States District Courts. (Pet. at 6.) Thus, the petition has the force of an affidavit or sworn declaration. See Hall v. Furlong 77 F.3d 361, 362 at n.2 (10th Cir. 1996).

American jurors appeared to have smiled in the direction of the defense table." (Id.)  Petitioner further alleges that "there were no Asian-Americans on the jury or among the alternates...[and that he] is Asian-American." (Id.)

Petitioner raised this issue in his state habeas corpus proceeding.  (Lodged Doc. No. 6 at 36-39.)  On January 4, 2004, he "submitted an Application for an Order Directing the Court Reporter to Make a Transcript at County Expense to the San Joaquin County Superior Court to obtain a copy of the record of the voir dire and court proceedings." (Pet. at 17.)  The application was filed on January 21, 2004, and denied without explanation on January 26, 2004. (Id.)  The Supreme Court then issued a one sentence denial of petitioner's state habeas petition on April 13, 2005, providing no analysis of petitioner's Batson claim.  (Lodged Doc. No. 7.)

Petitioner requests that this court order respondent to produce the transcript of the voir dire proceedings in order to adjudicate his Batson claim.  (Id. at 16-17.)  In the alternative, citing Boyd v. Newland, 467 F. 3d. 1139 (9th Cir. 2006) petitioner contends that this court should grant the writ because without the voir dire transcript this court will be unable to complete a full comparative analysis of the venire.  (Traverse at 11-12.)  Respondent contends that "because no transcript of the jury selection proceedings exist, petitioner has not established the constitutional violation he alleges.  Therefore, his claim[]...must fail." (Answer at 32.)  Respondent admits that "the jury selection proceedings" were "reported" but "not transcribed." (Id. at 3.)

"All defendants, including those who are indigent, have a right to have access to the tools which would enable them to develop their plausible Batson claims through comparative juror analysis." Boyd, 467 F.3d at 1150.  A state court's refusal to provide a habeas petitioner with the whole voir dire transcript, in the face of a plausible Batson claim, involves an unreasonable application of clearly established Supreme Court precedent. Id.

Here, the record indicates that peremptory challenges and challenges for cause were used and that the trial court and counsel discussed various legal issues during voir dire and

1 outside of the presence of the jury.  (CT at 200-201, 212.)  Respondent does not dispute that
2 petitioner's trial counsel made a <u>Batson</u> motion at trial.  A complete voir dire transcript is
3 indispensable to this court's review of petitioner's <u>Batson</u> claim, and where, as here, petitioner is
4 indigent, the state must provide that transcript.  <u>See</u> <u>Boyd</u>, 467 F.3d at 1150.  Accordingly, good
5 cause appearing, respondent will be ordered to provide petitioner with a complete transcript of
6 the jury voir dire from petitioner's criminal trial.  Failure to comply with this order may result in
7 a recommendation that petitioner's application for a writ of habeas corpus be granted.  <u>See</u> <u>Boyd</u>,
8 <u>supra</u>.

9      In accordance with the above, IT IS HEREBY ORDERED that within thirty days
10 from the date of this order respondent shall provide petitioner with a complete transcript of the
11 jury voir dire from petitioner's criminal trial.  Failure to comply with this order may result in a
12 recommendation that petitioner's application for a writ of habeas corpus be granted.
13 DATED: January 19, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

12
lo1754.o

4